Andrew T. Oliver (Cal Bar No. 226098)
aoliver@atwiplaw.com
Vinay V. Joshi (Cal Bar No. 213487)
vjoshi@atwiplaw.com
Amin Turocy & Watson, LLP
160 West Santa Clara Street
Suite 975
San Jose CA 95113
Telephone: (650) 618-6477
Facsimile: (650) 618-6470

Attorneys for Plaintiffs
AXS GROUP LLC and FLASH SEATS LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AXS GROUP LLC and FLASH SEATS LLC, <br> Plaintiffs, <br> v. <br> LISNR, INC., <br> Defendant. | Civil Action No. 2:17-cv-8413 <br><br> **JUDGE** _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs AXS Group LLC ("AXS") and FLASH SEATS LLC ("FLASH SEATS") (collectively "Plaintiffs") file this original Complaint against LISNR, Inc. ("Defendant" or "LISNR") for infringement of United States Patent No. 9,600,946 (hereinafter "the '946 Patent").

**PARTIES AND JURISDICTION**

1.  This is an action for patent infringement under Title 35 of the United States Code. Plaintiffs are seeking injunctive relief as well as damages. This Court has jurisdiction over all the parties in this action and over the subject matter in issue based on 28 U.S.C. §§1331

and 1338(a).  Defendant also does business in this judicial district, and a substantial part of the events giving rise to the claims in this case occurred in the judicial district.  Upon information and belief, Defendant has committed acts of infringement in this judicial district and has a regular and established place of business in this judicial district.

2.       For example, Defendant's infringing software products are deployed in this district by way of their implementation in hardware devices and systems of an entity named Ticketmaster Entertainment, Inc. ("Ticketmaster").  Ticketmaster has an established place of business in this district at 7060 Hollywood Blvd., Hollywood, California 90028.

3.       The following is a web link to an article titled "Ticketmaster partners with Lisnr on audio-based ticketing system": http://www.completemusicupdate.com/article/ticketmaster-partners-with-lisnr-on-audio-based-ticketing-system/.  The article summarizes the services offered by LISNR as follows: "Live Nation's Ticketmaster has partnered with 'ultrasonic audio technology' company Lisnr to implement a new smartphone-based ticketing system. Rather than having to scan a barcode or QR code, the system will allow ticketholders to enter venues using an inaudible audio tone transmitted by their phones."  This service is enabled by LISNR's technology known as "smart tone" or "smart tunes".  *See* http://www.androidauthority.com/sound-phone-replace-paper-tickets-785204/

4.       Plaintiff AXS is a limited liability company organized under the laws of Delaware and has its principal place of business at 425 W. 11th Street, Suite No. 100, Los Angeles, CA 90015, United States.  Plaintiff FLASH SEATS is a limited liability company organized under the laws of Delaware and is a wholly-owned subsidiary of Plaintiff AXS.

5.       Upon information and belief, Defendant is a Delaware corporation and has its principal place of business at 920 Race St., Suite No. 4, Cincinnati, Ohio 45202.  Upon information and belief, Defendant also maintains places of business in Orange County, California in this judicial district and in San Francisco County within another judicial district in the state of California.

## VENUE

6. Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I

### (INFRINGEMENT OF UNITED STATES PATENT NO 9,600,946)

7. Plaintiffs incorporate paragraphs 1-6 herein by reference.

8. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

9. Plaintiff FLASH SEATS is the owner by assignment of the '946 patent with sole rights to enforce the '946 patent and sue infringers.

10. A copy of the '946 patent, titled "Scannerless Venue Entry and Location Techniques," is attached hereto as Exhibit A.

11. The '946 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '946 patent issued on March 21, 2017.

12. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 1 of the '946 patent by making, using, importing, selling, and/or offering for distribution mobile applications operable with mobile communication devices covered by at least claim 1 of the '946 patent.

13. On information and belief, Defendant sells, offers to sell, and/or uses software products, including, without limitation, the LISNR's software named Smart Tones, and other similar software products, which infringe at least Claim 1 of the '946 patent. On information and belief, Defendant also tests its infringing products on hardware devices and systems in this district.

14. LISNR's infringing software products are made for installation on mobile communication devices such as smart phones and venue access devices (for example, LISNR's "Smart Tones" enabled venue access devices). An infringing LISNR software product thus forms a system with a testing device or system, mobile communication device or a venue access device that receives proximity data that indicates that the mobile device (or the venue access device or the testing

1  device) is within a defined distance range from a point of ingress to a venue, validates ticket data
2  representing a privilege to enter the venue, and instructs a user interface to present verification
3  data representing a verification that the ticket data was validated by way of an audio indication.
4  15.     The following web links contain evidence of infringement:
5         (a) https://www.theverge.com/2017/7/4/15919022/ticketmaster-lisnr-presence-mobile-
6  ticketing-reduce-wait-time-audio-data, stating: "Ticketmaster is launching a new ticketing
7  system that can passively check attendees into events using audio data from smartphones to
8  reduce entry wait time. Rather than manually scanning a QR code or a barcode from a paper
9  ticket, a "smart tone" technology can receive attendee's data over their smartphone's ultrasonic
10 sound transmission to verify their mobile ticket and ID, allowing people to cruise in simply by
11 showing a green approved screen on their phones."
12        (b) https://venturebeat.com/2017/07/04/ticketmaster-will-soon-admit-you-to-events-
13 using-audio-data-transmitted-from-your-smartphone/, stating: "Lisnr's smart tones constitute
14 audio signals in the 18.75 kHz and 19.2 kHZ range and are inaudible to more than 90 percent of
15 the human population. As you approach the venue, you take out your phone and it broadcasts
16 your ticketing data, be it over smart tones, NFC, or RFID, which is detected by a scanner at the
17 venue and confirms your identity, thus expediting the entry process."
18        (c) https://www.digitaltrends.com/mobile/lisnr-ticketmaster-audio-tickets/, stating:
19 "Thanks to a new partnership between Ticketmaster and data-over-audio company Lisnr, you
20 may soon be able to gain access to concerts and other events using nothing more than an audio
21 broadcast from your smartphone. Lisnr's new 'smart tones' technology purports to transmit data
22 between devices, which could mean the end to long queues and impatient fans.  So how does this
23 newfangled technology work? In essence, via the smart tones Lisnr transmits live in the 18.75
24 kHZ to 19.2 kHZ range, which makes them totally inaudible to over 90 percent of humans. But
25 digital devices are capable of hearing these distinct sound patterns and using them to confirm
26 your identity. When you're attempting to get into a concert with smart tones, you'll just take out
27
28

your phone, have it broadcast your unique audio signal, and if everything matches, you'll be seamlessly admitted."

(d) http://www.androidauthority.com/sound-phone-replace-paper-tickets-785204/, stating: "Lisnr's 'smart tune' technology uses signals in the almost inaudible range of 18.75 kHz and 19.2 kHz to allow data transmission between devices. You would take out your phone and open up your ticket, which would then be immediately detected by a scanner at the entrance."

16. LISNR has contributorily infringed and will continue to contributorily infringe the '946 patent. LISNR's infringing products are not alone or in combination a staple article of commerce, but are individually a component of a patented combination, and material to practicing the invention in the claims of the '946 patent, and have no substantial non-infringing uses. For example, LISNR provides software products that are downloaded on Ticketmaster's hardware products and smartphones of its customers to create a system that provides for ticketless entry using smart audio tones.

17. LISNR has been willfully infringing the '946 patent. Plaintiffs notified LISNR about the patent application that resulted in the '946 patent on multiple occasions, including originally in a letter dated January 19, 2017 to LISNR's founder, Rodney Williams, and in subsequent in person conversations. Plaintiffs also notified LISNR that it was infringing the '946 patent on August 21, 2017. LISNR has continued to infringe the '946 patent since receiving this notice.

18. LISNR has induced infringement and will continue to induce infringement of the '946 patent. The article at http://www.theticketingbusiness.com/2017/07/05/lisnr-audio-ticketmaster-presence/ states: "'Ticketmaster Presence replaces paper tickets with digital passes, and is our next generation venue access control and fan engagement platform,' said Justin Burleigh, executive vice-president, product for Ticketmaster North America. 'Presence uses a variety of proximity-based digital technology like . . . sound through our partnership with LISNR, to enhance the fan experience and provide a new tool for venues to decrease fraud and understand who is attending events.'" The same article also states: "Speaking last year, Lisnr co-founder Chris Ostoich said the deployment of the technology would offer an enhanced service to

consumers. 'From an attendee's perspective, it almost eliminates the line,' he said. 'It's a passive check-in process rather than an active one. The faster we have attendees walk into an event, the sooner they can interact with what they're there for.  We always bring things to market with customers. We try not to be just a consumer of our own product but to validate it with partners. We've been working with a lot of partners and customers to see what they would need.'"

19. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

20. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiffs and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask the Court to:

(a) Enter judgment for Plaintiffs on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,600,946 (or, in the alternative, awarding Plaintiffs a running royalty from the time of judgment going forward);

(c) Award Plaintiffs damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiffs pre-judgment and post-judgment interest and costs;

(e) Award Plaintiffs treble damages;

(f) Declare this case to be an exceptional case within the meaning of 35 U.S.C. §285 and award Plaintiffs attorney fees, costs and expenses incurred in connection with the case; and

1     (e)    Award Plaintiffs such further relief to which the Court finds Plaintiffs entitled under law or equity.

Dated: November 17, 2017

Respectfully submitted,
Amin Turocy & Watson LLP

By: /s/ Andrew T. Oliver
Andrew T. Oliver

Attorneys for Plaintiffs
AXS Group LLC and FLASH SEATS LLC

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1 of the Central District of California, Plaintiffs AXS GROUP LLC and FLASH SEATS LLC hereby demand a trial by jury on all issues triable in this action.

Dated: November 17, 2017

Respectfully submitted,
Amin Turocy & Watson LLP

By: /s/ Andrew T. Oliver
Andrew T. Oliver

Attorneys for Plaintiffs
AXS GROUP LLC and FLASH SEATS LLC