UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8413-GW(SKx) | Date | May 25, 2018 |
|---|---|---|---|
| Title | *AXS Group LLC, et al. v. LISNR, Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

None Present                                       None Present

**PROCEEDINGS:** IN CHAMBERS - FINAL RULING ON DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) [39]

Attached hereto is the Court's Final Ruling on Defendant's Motion to Dismiss. Defendant's Second Motion to Dismiss would be GRANTED and Plaintiffs would be given fourteen (14) days from the entry of this final ruling to file a Second Amended Complaint.

:
Initials of Preparer   JG

<u>AXS Group LLC et al v. LISNR, Inc.</u>, Case No. CV 17-08413-GW-(KESx)
Final Ruling on Defendant LISNR, Inc.'s Motion to Dismiss First Amended Complaint

Plaintiffs AXS Group LLC and Flash Seats LLC (collectively, "Plaintiffs") brought this action against Defendant LISNR, Inc., alleging infringement of U.S. Patent No. 9,600,946 ("the '946 Patent"). *See* Complaint, Docket No. 1. Defendant moved to dismiss Plaintiffs' original Complaint and Plaintiffs responded by filing a First Amended Complaint ("FAC"). Docket No. 31. Defendant now brings a Motion to Dismiss the FAC ("Motion"). Docket No. 39. Plaintiffs have filed an Opposition. Docket No. 40. Defendant has filed a Reply. Docket No. 42.

For the reasons stated herein, the Court would **GRANT** Defendant's Motion with leave for Plaintiffs to file a Second Amended Complaint.

**I.     Background**

The '946 Patent issued in March 21, 2017 and is titled "Scannerless Venue Entry and Location Techniques." It discloses systems, devices, and methods for "facilitating entry to a venue without the need to manually scan a ticket or other information." '946 Patent at 1:19-22. The FAC alleges that Defendant "makes, uses, offers to sell, sells, and/or imports software and/or hardware products, including, without limitation, customized software for use in ticketing systems, and other similar software and/or hardware products, which infringe one or more of at least Claims 1, 16, and 22 of the '946 Patent." FAC ¶ 44. The FAC alleges that Defendant infringes the claims both directly and indirectly, as well as under § 271(f). *Id.* at ¶¶ 44-48.

Claims 1, 16, and 22 are the three independent claims of the '946 Patent. Claim 1 recites:

1. A system, comprising:
    a memory to store computer executable components; and
    a processor that executes the following computer executable components stored in the memory:
        a proximity component that receives proximity data that indicates the system is within a defined distance range from a point of ingress to a venue, wherein entry to the venue is challenged in response to verification data not being presented, and wherein the proximity data is received in response to receiving an audio signal from a transmitter associated with the venue;
        a redemption component that, in response to the proximity data, validates ticket data representing a privilege to enter the venue; and
        a presentation component that instructs a user interface to present

1

>>the verification data representing a verification that the ticket data was validated, wherein the verification data presented by the user interface relates to audio indicia.

'946 Patent, Claim 1.  Claim 16 is a method claim "employing a computer-based processor included in an attendee device to execute computer executable components stored in a memory." *Id.* at Claim 16.  Claim 22 recites, *inter alia*, "[a] non-transitory computer readable storage medium storing computer-executable instructions that, in response to execution, cause a device including a processor to perform operations."  *Id.* at Claim 22.

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to provide the opposing party notice of the claim and the grounds upon which it rests.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  A court will grant a motion to dismiss if the complaint does not allege claims upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint may be dismissed for failure to a state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

After the abolition of Form 18 in the Appendix of Fed. R. Civ. P. 84, the *Twombly/Iqbal* plausibility pleading standard applies to patent cases.  *See Soteria Encryption, LLC v. Lenovo United States, Inc.*, No. CV 16-7958-GW (JPRx), 2017 WL 3449058, at *1 (C.D. Cal. Feb. 27, 2017); *McAfee Enters., Inc. v. Yamaha Corp. of America*, CV 16-02562-BRO (FFMx), 2016 WL 6920675 at *3 n.3 (C.D. Cal. June 24, 2016); *TeleSign Corp. v. Twilio, Inc.*, CV 16-02106 PSG (SSx), 2016 WL 4703873, at *2 (C.D. Cal. Aug. 3, 2016).  Although "detailed factual allegations" are not required, a complaint must allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  The complaint "requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do."  *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

**III.     Discussion**

Instead of emphasizing the level of detail in the FAC, the Motion largely focuses on the merits, challenging whether Plaintiffs plead a plausible claim for relief and arguing that any leave to amend would be futile. Docket No. 39-1 at 4. Defendant asserts that, through the FAC's allegations and Plaintiffs' arguments in its Opposition, Plaintiffs effectively plead themselves out of court by identifying facts proving that the accused products do not infringe the asserted claims. Docket No. 42 at 1.

The FAC alleges that Defendant's "data-over-audio" technology "and related system" with Splash infringe at least Claim 1 of the '946 Patent. FAC ¶ 10. The FAC further alleges that the Ticketmaster "Presence" system, also allegedly relying on technology developed by Defendant for Ticketmaster, infringes at least Claims 1, 16, and 22 of the '946 Patent. *Id.* at ¶ 22. The FAC identifies some of the limitations of the exemplary claims and points to publically available information about the accused systems to support its infringement allegations.

But the FAC only selectively identifies claim limitations to compare to the accused products. Some of the claim's limitations are not mentioned. For instance, Claim 1 of the '946 Patent requires, *inter alia*, "a proximity component that receives proximity data that indicates the system is within a defined distance range from a point of ingress to a venue."[1] The FAC refers to the overall "proximity component" limitation, but does not allege that the "defined distance range" aspect of that limitation is met. *See, e.g.*, FAC ¶10(b).

In its Opposition, Plaintiffs attempt to fill in some of the blanks left by the FAC that are challenged by Defendant by submitting a claim chart for certain limitations of Claim 1. Docket No. 40 at 11-14. In some instances, Plaintiffs' claim chart continues to leave gaps and in other instances, it merely parrots the claim language rather than specifically explaining how a limitation is met by the accused products. *See, e.g.*, *id.* at 11 (for the "proximity component," again failing to state that the "defined distance range" limitation is met by the accused products) 12-13 (for the "redemption component" limitation, simply re-stating the claim language by asserting that it is reasonable to infer that the accused systems "comprise a redemption

---

[1] At the hearing on the Motion, Plaintiffs argued at length that various allegations in the FAC supported a reasonable inference that this particular limitation is met by the accused product. In doing so, Plaintiffs characterized this aspect of the Court's analysis in its tentative order as if the Court had made reference to this single claim limitation as the sole basis for its final ruling. That is not the case. Instead, as the tentative order noted, the reference to the "defined distance range" aspect of the claim language was solely meant to serve as a single example out of many regarding the Court's concerns with the FAC.

3

component" that "validates ticket data representing a privilege to enter the venue."). Defendant also argues that in some instances, the Opposition's claim chart is actually inconsistent with the allegations in the FAC. *See* Docket No. 42 at 4 (observing that the Opposition asserts that a "transmitter associated with the venue" might include the "ticket-holder's device," but that with respect to the "Presence" system, the FAC alleges that the transmitter is separate from the ticket-holder's device).

For the "transmitter" claim limitation in particular, Defendant argues at length in its Reply that there is no plausible way that the accused products could meet this limitation and that Plaintiffs have plead themselves out of court with their inconsistent theories.[2] Docket No. 42 at 4-7. Although the Court looks forward to further explanation regarding the purportedly inconsistent infringement theories between Plaintiffs' FAC and their Opposition, the Court finds that in any event, Defendant's arguments still rely on disputed assumptions and inferences about the proper meaning of the claim language.

Courts have observed that in many cases, it is not appropriate to construe claims at the motion to dismiss stage. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018) (finding that arguments disputing a plaintiffs' claim construction are "not suitable for resolution on a motion to dismiss"); *Anglefix Tech, LLC v. NuVasive, Inc.*, No. 13-CV-983-BEN RBB, 2014 WL 197736, at *2 (S.D. Cal. Jan. 14, 2014) (collecting cases). It would be even more inappropriate to construe the claim language in a matter disputed by Plaintiffs, as all reasonable inferences must be drawn in favor of the non-moving party at the motion to dismiss stage. *Cf. Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1352 (Fed. Cir. 2016) (noting in the context of a motion to dismiss for lack of patent-eligible subject matter under 35 U.S.C. § 101 that the court construed the claims "in favor of [the non-movant] as they must be in this procedural posture."). Some of Defendant's arguments regarding the meaning of the claims may ultimately be persuasive,[3] but as with many patent claims, the exemplary asserted

---

[2] At the hearing, the parties also spent some time disputing whether it was reasonable to infer, where Defendant's software is based on "duplex signaling" and the FAC has averred that an attendee device communicates information to a device associated with the venue, that the device associated with a venue is capable of communicating back to the attendee device. The Court notes that much of this dispute regarding reasonable inferences would be solved if Plaintiffs simply included clearer allegations in their operative pleading.

[3] Indeed, the Court is particularly concerned by Plaintiffs' interpretation of the claim term "a processor" as it is specifically used in Claim 1 to include one or more processors existing in multiple devices (*compare* '946 Patent, Claim 1 *with* '946 Patent, Claim 16 (Claim 16 reciting "a computer-based processor included in an attendee device")), and Plaintiffs' assertion in its Opposition that a "transmitter" or "transmitter device" may be included in

claims of the '946 Patent are drafted just ambiguously enough to keep the claim language from being completely clear on its face. The Court also would not necessarily characterize the technology at issue in this case as "simple" or "straightforward." Drawing all reasonable inferences in Plaintiffs' favor at this stage of the proceedings, it would be premature to both interpret the exact claim scope and definitively conclude that the accused products do not infringe the asserted claims.[4] Indeed, besides the "transmitter" limitation, the parties also appear to dispute the meaning of other terms, including "processor," "challenged in response to verification data," "proximity component," "redemption component," and "relates to audio indicia."[5] Both parties' briefs also gloss over Claims 16 and 22 in comparison to their focus on Claim 1, which, as Plaintiffs note, have other limitations that differ from the limitations of Claim 1. Despite concluding that dismissal with prejudice based on a particular claim construction would be premature, the Court finds that there are shortcomings in the FAC given the particular circumstances of this case. Specifically, the plausibility challenges identified by Defendant, the level of complexity of the technology, the purported inconsistencies between the FAC and Plaintiffs' Opposition, and the gaps in the FAC's discussion of how the accused products meet particular claim limitations make the FAC insufficient to allow the reasonable inference that at least one asserted claim is infringed by an accused product. Accordingly, the Court concludes that Fed. R. Civ. P. 8 has not been met and Plaintiffs must file a Second Amended Complaint that at least allow for the inference that all of the limitations of at least one asserted claim are met by each of Plaintiffs' identified accused products.

At the hearing, Plaintiffs spent a bit more time discussing Claim 22. In particular, Plaintiffs argued that Claim 22 is a "software-only" claim, where the software need only be

---

an attendee device, not necessarily a separate device (*compare* '946 Patent, Claim 1 *with* '946 Patent, Claim 16 (Claim 16 reciting "a transmitter device situated proximal to a place of ingress")). The Court notes without further judgment or comment that the substantive strength of a party's litigating position may be a consideration in a prevailing parties' request for fees under 35 U.S.C. § 285. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

[4] To support one of its other arguments, Defendant requests judicial notice of a portion of the '946 Patent prosecution history and a prior art reference that was discussed therein. *See* Docket No. 41; *see also* Docket No. 42 at 8-9. These requests highlight the fact that Defendant is advancing a particular interpretation of the claim language, *i.e.*, making a claim construction argument. Because the Court declines to conduct claim construction on the current record, these documents need not be considered and Defendant's request for judicial notice is DENIED.

[5] Although the Court declines to undertake claim construction at this stage, it would be open to considering a request for expedited claim construction proceedings for a small number of terms if it is sufficiently shown that the construction of those terms is likely to be claim- or, preferably, case-dispositive.

present on some type of computer-readable medium.  Plaintiffs argue that even if Defendant only supplied software, Plaintiffs would thus have made out an adequate claim for direct infringement.  These arguments show some of the difficulty with Plaintiffs' position, particularly as to Claim 1, which refers to a full system with hardware.  Moreover, if Plaintiffs' allegation is now that Claim 22 is infringed specifically by Defendant's software, it needs to clearly include allegations in its FAC sufficient to create a reasonable inference that Defendant's software infringes Claim 22's limitations.  Plaintiffs have not done so, instead referring to Claim 22 and solely comparing it to Ticketmaster's overall "Presence" system (including venue devices).  *See* FAC ¶ 22.

Plaintiffs also made an alternative argument that they sufficiently alleged that Defendant infringed Claim 1 on the basis that Defendant specifically modified some existing components by installing software, and in so doing Defendant created the infringing system.  But Plaintiffs did not submit legal authority, and the Court is not aware of any, for the proposition that there can be direct infringement under a single actor theory where that party does not supply each and every limitation of a claimed system and instead supplies only a critical component of a claimed system.  Plaintiffs' arguments may be relevant to a claim of indirect infringement, but Plaintiffs did not differentiate between its direct and indirect infringement allegations.

Although implicit in its initial arguments, Defendant waited until its reply to explicitly argue that the FAC is also insufficient to the extent Plaintiffs' infringement allegations rely on a theory of joint infringement.  Docket No. 42 at 10.  Defendant observes that Plaintiffs' infringement theory relies on the position that a ticket-holder's smart phone comprises a component of the accused system.  *Id.* at 11.  This appears particularly true at least for the system recited in Claim 1 of the '946 Patent.  *See* '946 Patent, Claim 1 (reciting "[a] system, comprising: a memory . . . and a processor"); *see also* Docket No. 40 at 8-9 (acknowledging that Defendant itself may not sell hardware alone, but the allegedly infringing systems include the hardware).  For any claims where Plaintiffs' infringement theory relies on multiple actors (or components provided by multiple actors) to practice the claim steps, Plaintiffs must "plead[] facts sufficient to allow a reasonable inference that all steps of the claim[ ] are performed and either: (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citing *Akamai Techs., Inc. v.*

*Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc)).  To the extent Plaintiffs intend to argue that Defendant only indirectly infringes Claim 1 of the '946 Patent, Plaintiffs must, along with the other requirements necessary to plead a claim for indirect infringement, adequately and specifically plead an underlying act of direct infringement by either a single actor or based on a theory of joint infringement.  *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014).

At the hearing, Plaintiffs challenged the Court's statements regarding pleading joint infringement as unduly restrictive, referring to the Federal Circuit's decision in *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018).  Plaintiffs, however, did not explain why the Federal Circuit's older decision in *Lyda* is inapplicable or no longer good law.  Moreover, the FAC does not include any allegations regarding attributing a third party's actions to the defendant, as discussed in *Nalco*.  Without adequate allegations in the FAC regarding any form of joint infringement, Plaintiffs' arguments regarding the applicability of *Lyda* versus *Nalco* are inconsequential.

Because the Court finds Plaintiffs' direct infringement allegations insufficient, it does not separately consider the sufficiency of Plaintiffs' indirect infringement allegations or allegations related to § 271(f).  *See* Docket No. 39-1 at 17-23.

### IV. Conclusion

For the reasons stated, Defendant's Second Motion to Dismiss would be **GRANTED** and Plaintiffs would be given fourteen (14) days from the entry of this final ruling to file a Second Amended Complaint.